## Case No. 14,898.

### UNITED STATES v. The CUBA.

[2 Hughes, 489; [1] 2 Am. Law T. Rep. U. S. Cts. 121; 10 Int. Rev. Rec. 115; 2 Balt. Law Trans. 743.]

District Court, D. Maryland. 1869.

CUSTOMS—FORFEITURE—LANDING WITHOUT PERMIT.

A vessel is liable under section 50 of act of 1799 [1 Stat. 665], relating to customs revenues, to forfeiture for the landing without permit of merchandise over the value of four hundred dollars, whether the owner is innocent or not.

[This is a libel on information for the forfeiture of the vessel and tackle under the act of 1799, on the charge of some 45,000 cigars having been landed without permit. There seemed to be no dispute as to the fact that one of the steamer's engineers, (named A. B. Hanna, who afterwards testified against the vessel,) had made an arrangement with a New York man, named Clarke, to run in cigars duty free, and that the cigars in question, valued at over $400, were being smuggled under this contract, no evidence of any complicity of the owners of the vessel appearing. The act of 1799 renders the parties knowingly offending liable to a fine, &c., and the vessel and tackle liable to forfeiture should merchandise amounting to over $400 be landed without permit from the custom house by any person on board such vessel. The act of 1866 [14 Stat. 178], provides another and different penalty for knowingly importing merchandise contrary to law against the parties actually offending, and says nothing of a forfeiture of the vessel. Thereupon the defense contend that the act of 1866 embraces the offence in question and is a substitute for that portion of the act of 1799, and repealing the same by implication, relieves the vessel in this case from the penalty therein contained.

[Considerable stress was laid upon the hardship which would be worked upon innocent ship owners by making them liable under the act of 1799, for the frauds of parties over whom they have no control and against which they cannot protect themselves.] [2]

GILES, District Judge. This is a libel upon information on the instance side of the

court to forfeit the steamship Cuba, her tackle, furniture, etc. The libel was originally laid under the provisions of the 50th section of the act of 1799, and was subsequently amended by counts under the 24th and 27th sections of the same act. The district attorney, however, abandoned the amendment, and in the argument only relied on the original count. There is no evidence to sustain the allegations under the 27th section, and the 24th section is apparently superseded by the 4th section of the act of 1866, and not having been relied upon by the district attorney, will not be considered further.

The question then for the court to determine is whether a forfeiture of the vessel can be had under the allegations of the first count, based upon the 50th section of the act of 1799. This section provides that no goods or merchandise brought from foreign ports shall be landed at night, or without the authority of the proper officers of the court, and should goods be so landed in contravention of the act, the captain of the vessel, whether he has knowledge of the offence or not, is made liable to a penalty of a fine of $400, and all others knowingly assisting therein are punishable by a fine of the same sum; and should the goods so landed amount at their highest market rate to over the value of $400, the section renders the vessel, etc., liable to forfeiture. It is proved that during the year 1868 the steamship Cuba was a regular trader between the ports of Baltimore, New Orleans, and Havana. She had been built or purchased by some of the most respectable and enterprising citizens of this port, and placed upon the route for the public-spirited purpose of building up this trade. Being so engaged, between the 1st January, 1868, and the 1st of January, 1869, on some four or five trips some 45,000 cigars from Havana were secretly landed by the first engineer of the steamer, a portion of them being delivered in New Orleans and the balance here in contravention of the 50th section of the act of 1799; the captain and first officer of the steamer, her owners and directors having no knowledge of the transaction, and being perfectly innocent of any complicity therein. If this vessel is liable it is a very hard case upon them, for it is perfectly clear that no human prudence or skill can guard against the landing of merchandise as small in bulk as the value of $400 in Havana cigars. This is manifest from the circumstances of this very case. When the lynx-eyed officer of the customs boarded the vessel off Annapolis, suspecting and for the purpose of detecting this very fraud, with all his search and exertion he failed to find some four thousand cigars which the engineer then had on board, and subsequently brought out from their hiding place, landed and shipped to his confederate in New York. In the present state of the navigation, in the brief time of the rapid trips of steamers, it is impossible to prevent

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

[2] [From 10 Int. Rev. Rec. 115.]

such frauds. With the hardship of the law, however, the court has nothing to do; its duty is only to declare and enforce the law as made; the making of laws and the remission of penalties therein imposed belong to other departments of the government.

In the very able arguments of counsel for the claimants, the court understood them to contend that the 50th section of the act of 1799 was repealed by implication by the 4th section of the act of 1866. There are one or two plain rules recognized by courts for the construction of statutes which are applicable to this case. Repeals by implication are never favored, particularly as applied to statutes designed for the enforcement of the revenue laws of the government [U. S. v. 67 Packages of Dry Goods] 17 How. [58 U. S.] 85; [Sinnot v. Davenport] 22 How. [63 U. S.] 229; U. S. v. One Case of Hair Pencils [Case No. 15,924]. A statute is never repealed by implication if the prior and subsequent statutes can be so construed as to stand together [Wood v. U. S.] 16 Pet. [41 U. S.] 342. The implication must be one of necessity, and it is not sufficient that the two acts should relate to the same subject-matter, there must be a positive repugnancy between them, and even then the appeal is only pro tanto of the prior statute as cannot stand together with the subsequent act. All laws for the collection of revenue are to be construed as auxiliary and cumulative, except when otherwise expressly provided therein. [McCool v. Smith] 1 Black [66 U. S.] 459; Aspden's Estate [Case No. 589]; [Lessee of Croghan v. Nelson] 3 How. [44 U. S.] 187; Morlot v. Lawrence [Case No. 9,815]; U. S. v. Smith [Id. 16,319]. The case last cited is very similar to the one before me. The object of the law in both was to prevent smuggling, and it was there contended that the act of 1842 [5 Stat. 548] repealed by implication the act of 1832 [4 Stat. 583], but the court decided there was no repeal, the last act covering some but not all the ground of the first act.

To look at the acts, the 50th section of the act of 1799 inflicts a penalty upon the master whether he had knowledge or not, a penalty imposed by the government to secure extreme caution and vigilance upon his part, and where the goods landed should amount to $400 in value, provides for the forfeiture of the vessel. The act of 1866, section 4, upon which Mr. Brune so ably commented, like section 19 in the act of 1842, imposes a penalty upon those who knowingly import goods contrary to law, the forfeiture of the goods imported, a fine of from $50 to $5000, and imprisonment for not more than two years. A party cannot be convicted under this section unless he has knowingly and wilfully engaged in the forbidden transaction, and so this act does not cover the same ground as the act of 1799, which provides against the handling of goods by night or without the permit of the collector and naval officer of the port. The acts do not cover the same ground nor the same offence, and consequently there is no repeal by implication. .

It might have been urged, though the point was not raised, that under the 8th section of the act of 1866, providing that in any case where a vessel, or the owner, master, or manager of a vessel, shall be subject to a penalty for violation of the revenue laws of the United States, such vessel shall 'be holden for such penalty, etc., that the steamer in this case can only be held for the penalty against the landing of the cigars (some $2000), and though the court at first thought such to be the case, upon careful examination of the section by the lights of the rules before laid down, I am of opinion that this statute can stand, and that there is double remedy given, and this section can apply where the value of the goods landed is under $400, and that when over that amount the government can elect whether to pursue one or the other remedy, and the court is bound to so construe it, though if it could have seen its way it would take pleasure in clearing the vessel under the circumstances of this case. There is, however, a provision in the act of 1866 (section 18) which has escaped the attention of the counsel on both sides, and which disposes of the whole question of repeal by implication. The 18th section enacts that "nothing in this act contained shall be taken to abridge or limit any forfeiture, penalty, fine, liability, or remedy provided for or arising under any law now in force, except as herein otherwise especially provided." This cuts out by the roots the doctrine of repeal by implication, and clears the case from all difficulty. I have, therefore, nothing left to do but to enforce the law; and as it is perfectly clear that the cigars were not on the manifest, and were landed without permit, I shall sign a decree for the condemnation of the vessel, etc. As the vessel has been taken out on stipulations, I shall order them paid within twenty days.